UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**KRIS LEWIS**                         **CASE NO. 6:23-CV-01562**

**VERSUS**                             **JUDGE ROBERT R. SUMMERHAYS**

**WALMART INC ET AL**                  **MAGISTRATE JUDGE CAROL B. WHITEHURST**

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 8). Defendant, Walmart, Inc. did not oppose the motion,[1] which was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's Motion to Remand be granted.

### Factual Background

Plaintiff filed suit in state court against Walmart and an unidentified John Doe employee on April 14, 2022, following a slip and fall accident. (Rec. Doc. 1-2). Plaintiff alleged generally that she sustained serious personal injuries and claimed damages for physical and mental pain and suffering, disability, permanent

---

[1] Walmart's counsel notified the Court that Walmart did not oppose the motion.

disfigurement, disability, and scarring. She alleged that her damages total more than $50,000, exclusive of interest and costs. (Rec. Doc. 1-2, ¶8-9).

Walmart removed the case to this Court on November 2, 2023, asserting diversity jurisdiction under 28 U.S.C. §1332. (Rec. Doc. 1). Walmart relied upon Plaintiff's responses to Walmart's interrogatories in which Plaintiff admitted that her damages exceed the jurisdictional threshold of $75,000. (Rec. Doc. 1-3, p. 7). Plaintiff served Walmart with said responses on October 20, 2023. (Id. at p. 8). Prior to removal, Walmart had also propounded a request for admission to Plaintiff seeking a response as to whether her damages exceeded $75,000. (Rec. Doc. 8-3). Plaintiff did not respond to the request. She now urges the Court to remand the case as untimely removed and pursuant to the one-year time limitation for removal under 28 U.S.C. §1446(c)(1).

## **Law and Analysis**

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

> The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

Walmart, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing that the parties are diverse, that the amount in controversy exceeds $75,000, and that removal was otherwise proper. The disputed issue is the timeliness of Walmart's removal.

### I. **Whether removal was timely under the thirty-day deadline.**

If a case is not initially removable based upon allegations in the petition, 28 U.S.C. §1446(b)(3) establishes a thirty-day deadline to remove from receipt of "other paper:"

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiff's petition in state court does not unequivocally show that damages exceed $75,000 such that this initial pleading did not trigger the thirty-day deadline to remove. See *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392 (5th Cir. 2013). Thus, Walmart relied upon the delay for removal based upon receipt of "other paper."

Under Louisiana rules of civil procedure, requests for admission not answered within thirty days are deemed admitted. La. C.C.P. art. 1467. Although not yet addressed by the Fifth Circuit, at least one district court within the Circuit has held that a request for admission deemed admitted for failure to timely respond

constitutes "other paper" triggering the removal deadline. *Dejean v. Vermont Mut. Ins. Co.*, No. CV 23-5022, 2023 WL 7103278, at *3 (E.D. La. Oct. 27, 2023); *Greene v. Ace Am. Ins. Co.*, No. CV 20-773, 2020 WL 4035524, at *4 (E.D. La. July 17, 2020).

Plaintiff did not respond to Walmart's June 13, 2022 request seeking Plaintiff's admission that her damages did not exceed $75,000. (See Doc. 8-3). Accordingly, the request was deemed admitted after thirty days, by July 13, 2022, and Walmart's deadline to remove commenced at that time. Walmart did not remove until November 2, 2023. Removal was untimely.

## II. Removal under the one-year time limitation.

Walmart's removal also fails under the one-year time limitation applicable to diversity removals. A case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 1446(c)(1). The one-year limitation applies only to those cases which were not initially removable. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998).

Plaintiff filed suit in state court on April 14, 2022. (Rec. Doc. 1-2). Walmart removed on November 2, 2023, well beyond the one-year time limitation. Thus, the case should be remanded on these additional grounds.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Plaintiff's Motion to Remand (Rec. Doc. 8) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 22ⁿᵈ day of December, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE